IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRANCE DURELLE MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:22-CV-95-WHA |
| | ) [WO] |
| WALT M. MERRELL, et al., | ) |
| | ) |
| Defendants. | ) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

*Pro se* Plaintiff Larrance Moore filed this 42 U.S.C. § 1983 action on February 24, 2022. After reviewing the Complaint and finding deficiencies with this pleading, the Court determined that Plaintiff should be provided an opportunity to file an amended complaint to correct the deficiencies. On March 3, 2022, the Court entered a detailed Order explaining the deficiencies in the Complaint and providing Plaintiff with specific instructions regarding filing an amended complaint. Doc. 4  Plaintiff was cautioned his failure to comply with the March 3, 2022, Order would result in a Recommendation this case be dismissed.  Doc. 4 at 4.  By Order of April 20, 2022, the time for Plaintiff to comply with the March 3, 2022, Order was extended to May 2, 2022. Doc. 6. To date Plaintiff has not filed an amended complaint or otherwise complied with the orders of the Court.

Because of Plaintiff's failure to comply with the orders of the Court, the undersigned concludes this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). The authority of

courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id.*

Accordingly, the undersigned Magistrate Judge RECOMMENDS this case be DISMISSED without prejudice.

It is ORDERED that by **July 12, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.

1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, this 28th day of June, 2022.

/s/ Stephen M. Doyle  
UNITED STATES MAGISTRATE JUDGE